ON RETURN TO REMAND
TYSON, Judge.
This court in its original opinion in this cause, 472 So.2d 677 (Ala.Crim.App.1984), held as follows:
“We therefore hold that the trial judge erred in imposing multiple sentences because, as herein noted, there was but one possession. We therefore affirm the conviction of this appellant but inasmuch as the trial court imposed two separate sentences because there were two offenses charged in the two indictments, a new sentencing hearing is required. Only one sentence may be imposed under the facts of this case. The two sentences are therefore set aside and vacated and this cause is remanded for proper sentence. The trial court is hereby directed to impose only one sentence for the possession of the two drugs as herein directed. Therefore, this cause is remanded to the trial court for imposition of a single sentence. The court is also directed to prepare a return showing such sentence and to file same in this court after holding the hearing with the appellant and her attorney present.
“REMANDED FOR PROPER SENTENCE.
“All the Judges concur.”
Pursuant to this opinion, the Circuit Court of Jefferson County under date of August 27, 1984, entered the following order:
*687 “MINUTE ENTRY

“This the 27th day of August, 1984, the sentence imposed in this case on November 3, 1983 is hereby voided; this case is Nolle Prossed per Court of Appeals.”
This order is in direct conflict with the opinion of the court and the same is hereby vacated and held for naught. This cause is again remanded to circuit court with direct instructions to enter one single sentence as originally directed. The order of nol pros is hereby vacated as such is in direct conflict with the opinion of this court.
REMANDED FOR A NEW SENTENCING HEARING AND PROPER SENTENCE.
HARRIS, PATTERSON and TAYLOR, JJ. concur.
BOWEN, P.J., concurs in result only.